UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Ft. Myers Division
CASE NO.:

MARY ELIZABETH THOMAS,

    Plaintiff,

vs.

HAYLEY HOSPITALITY CORPORATION, a
Florida Profit Corporation d/b/a BEEF O' BRADYS OF CLEWISTON

    Defendant.
_____/

# COMPLAINT

Plaintiff, MARY ELIZABETH THOMAS, (hereinafter "Plaintiff") by and through his undersigned attorney hereby sues Defendant, HAYLEY HOSPITALITY CORPORATION, a Florida profit corporation, d/b/a BEEF O' BRADYS OF CLEWISTON (hereinafter "Defendant") and states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and other relief based on unlawful employment practices committed by Defendant and jurisdiction of this Court is invoked pursuant to the provisions of of Title VII of the Civil Rights Act of 1964, § 706(f) (42 U.S.C. § 2000e-5(f)), the Americans with Disabilities Act (ADA), the Americans with Disabilities Act Amendments Act (ADAAA) 42 U.S.C. §§ 12101 *et seq*., the Florida Civil Rights Act ("FCRA"), §§ 760.01-760.11, and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. ("FMLA").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

3. Venue is proper in the United States Court for the Middle District of Florida because Plaintiff was employed in the Middle District of Florida by Defendant, because the acts that give rise

to Plaintiff's claims occurred within the Middle District of Florida, and because Defendant is subject to personal jurisdiction there.

4. Plaintiff has met all conditions precedent to the maintenance of this action or said conditions have been waived.

## PARTIES

5. Plaintiff, at all times pertinent to this complaint resided within the Middle District of Florida. Plaintiff is over the age of eighteen.

6. Plaintiff is a member of a class protected under the ADA, and ADAAA, and the FCRA in that she was subjected to adverse employment action including but not limited to dismissal from employment based on her disability or perceived disability and/or in retaliation for her request for a reasonable accommodation.

7. At all times pertinent to this complaint, Defendant was a Florida Corporation organized and existing under and by virtue of the laws of Florida and authorized to do business in Florida. Defendant operates several restaurant locations throughout Florida. Specifically, Plaintiff worked at 892 West Sugarland Hwy, Clewiston Fl 33440 ("Clewiston Location") and all the actions complained of herein took place within the Middle District of Florida.

8. Defendant has, at all times material, employed 50 or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year in accordance with 29 U.S.C. § 2611(4)(A)(iii) ,Title VII, the ADA, ADAAA, and the FCRA (42 U.S.C. §2000e(b); Fla. Stat. §760.02(7)).

9. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

10. Plaintiff's Charge was filed on or about September 18, 2022. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.

11. Plaintiff was issued a Notice of Right to Sue on December 12, 2022. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation. A copy of the Right to Sue is attached hereto as "Exhibit A."

12. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.

13. All other conditions precedent to this action have been performed or have been waived.

## GENERAL ALLEGATIONS RELATED TO ALL COUNTS

14. Plaintiff worked for Defendant continuously from on or around 2007 through August 8, 2022, as a cook and was later promoted to kitchen manager. At all times, Plaintiff was employed in a full-time capacity.

15. Based on Plaintiff's tenure with the company, positive performance and positive work history through her employment, Plaintiff was fully qualified for her position at the time all discriminatory events complained herein occurred.

16. On April 19, 2022, Plaintiff requested and was approved for, medical leave- either through Family Medical Leave Act or through Defendant's own internal policies – for her own serious health condition – to wit: severe cataracts in both of her eyes which impaired her vision. As a result of her condition Plaintiff was required to undergo two separate eye surgeries.

17. Plaintiff underwent the first surgery on April 22, 2022, for her right eye. After surgery, Plaintiff was released with restrictions which included to avoid any strenuous physical activities for a week and to wear a protective eye patch until the eye was fully healed.

18. As a result of the operation and her condition on the left eye, Plaintiff's overall vision was affected. Plaintiff's condition is a disability under the ADA, the ADAAA, and the FCRA in that it substantially impaired Plaintiff's vision.

19. On or about May 2, 2022, Plaintiff returned to work after she was cleared. Plaintiff contacted Keyur Patel (hereinafter "Mr. Patel"), owner and advised of him of her vision limitations and requested to have someone read the orders out loud during her shifts. The Defendant denied Plaintiff's request.

20. From May 2, 2022, through June 27, 2022, Plaintiff was subjected to disparate treatment by Defendant. Specifically, Mr. Patel and other employees would make disparaging remarks towards Plaintiff by referring to her as "blind old bat" "one-eyed" and making fun of her when she asked coworkers to read out tickets as she prepared the orders.

21. On or about June 27, 2022, Plaintiff underwent the second surgery for her left eye. As a result of this proceeding, Plaintiff requested leave for an additional two (2) weeks.

22. On or about July 11, 2022, while Plaintiff's vision was still partially impaired, Plaintiff was cleared to return to work wearing her eye patch. Plaintiff returned to work and requested that the orders be read out loud for her as a reasonable accommodation.

23. On or about July 27, 2022, Plaintiff was approached by Mrs. Patel who began inquiring about the nature of Plaintiff's vision impairment. Thereafter, Mrs. Patel, without inquiring about the reasonableness of the accommodation requested, told Plaintiff to leave and not return to work until she was able to read the tickets herself. Shortly thereafter, Plaintiff was removed from the schedule.

24. From on or about August 3, 2022, through August 8, 2022, Plaintiff made several attempts to speak to Mr. Patel to be reinstated to her position to no avail. Plaintiff supplied Defendant with

a doctor's note that stated she was able to return to work. No response was provided by Defendant.

25. On or about August 8, 2022, Mr. Patel told Plaintiff that she could not be reinstated unless she was able to do her job without any accommodations.

26. Defendant failed to accommodate Plaintiff's request for accommodation and was terminated as a result of her disability and/or requests for accommodations.

27. Prior to April 19, 2022, Plaintiff was not previously disciplined nor was advised that she would be risking termination.

28. Defendant's justification(s) for its treatment of Plaintiff, if any, are a mere pretext for unlawful discrimination and retaliation.

29. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's disability or perceived disability, and/or request for accommodation were motivating factor(s) in the decision for the adverse employment action(s).

30. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

31. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

## COUNT I
## VIOLATION OF THE FMLA
## (INTERFERENCE)

32. Plaintiff re-alleges and re-avers the allegations contained in paragraphs 1-31 above as though the same were fully set forth herein.

33. This is an action under the Family and Medical Leave Act of 1993 [29 U.S.C. §§ 2601 et seq.] for interference in violation of 29 U.S.C. § 2615(a)(1).

5

34. Plaintiff was eligible for FMLA leave due to her serious health condition pursuant to 29 U.S.C. § 2612(a)(1)(D). She requested leave pursuant to the statute on or about April 19, 2022 and then again on June 27, 2022.

35. Plaintiff gave sufficient notice to her employer of her need for each leave under the FMLA and provided all necessary paperwork. She requested leave pursuant to the statute and provided all the information required by Defendant.

36. Under the FMLA, 29 U.S.C. § 2615(a), Plaintiff had the right to take up to twelve (12) workweeks of leave under the Act. Unlawful employer interference includes not only refusing to authorize FMLA leave, but also "discouraging an employee from using such leave." 29 C.F.R. § 825.220(b).

37. Defendant interfered with Plaintiff's rights when it failed to inform Plaintiff of her right to take up to twelve weeks of leave under the FMLA when Plaintiff made her first request for request for leave.

38. Immediately upon Plaintiff's return to work on July 27, 2022, Defendant terminated Plaintiff's employment.

39. As a direct result of Defendant's interference, Plaintiff has suffered, a loss of wages and benefits. Specifically, on July 27, 2022, Plaintiff's employment was terminated.

40. When Defendant terminated Plaintiff, Defendant further interfered with Plaintiff's right to her position (or its equivalent) and thus violated the FMLA.

41. As a direct result of her termination, Plaintiff has suffered, and will continue to suffer, a loss of wages and benefits.

42. Defendant's conduct was not done in good faith and Plaintiff is therefore entitled to liquidated damages in an amount equal to her loss of wages/benefits pursuant to the FMLA, 29 U.S.C. § 2617(a)

43. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of its employees.

44. Plaintiff has retained the services of the undersigned counsel and is obligated to pay attorney's fees should she recover damages from the Defendant.

45. Should Plaintiff prevail, Plaintiff is entitled to be awarded reasonable attorney's fees and the costs of this action pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff requests judgment for:

    A. Adjudge and decree that Defendant has violated the FMLA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendant's violation of the FMLA, all as provided in 29 U.S.C. §2617;

    C. Interest on the amount found due;

    D. Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    E. Plaintiff's costs of suit herein together with reasonable attorney's fees incurred in this action; and

    F. Such other relief as the Court deems just and proper.

## COUNT II
### FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA AND ADAAA

46. Plaintiff re-alleges and re-avers the allegations in paragraphs 1-31 above as though the same were fully set forth herein.

47. Plaintiff's condition is a disability under the ADA, the ADAAA, in that as a result of this condition, Plaintiff's vision was impaired. This is considered "major life activities" as defined by the ADA and ADAAA.

48. Plaintiff is, and at all times was, qualified to perform the essential functions of her job with or without a proposed reasonable accommodation. Plaintiff is therefore a "qualified individual" as that term is defined in the Americans with Disabilities Act, as amended ("ADAAA") §101(8) (42 U.S.C. § 12111(8)).

49. Defendant failed to provide Plaintiff with reasonable accommodations as that term is defined in the ADAAA, § 101(9). Plaintiff requested that the orders be read out loud for her while she was required to wear her eye patch. This request was reasonable and would not have caused Defendant undue hardship.

50. As a result of Defendant's actions, Plaintiff has suffered damages in an amount to be proven at the time of the trial of this cause.

51. Plaintiff is informed, believes and alleges that pursuant to ADAAA § 107(a) (42 U. S.C. § 12117(a)), Plaintiff is entitled to reinstatement of her formerly held position (or its equivalent) and reinstatement of her benefits/seniority.

52. Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above.

WHEREFORE, Plaintiff requests judgment against Defendant as follow:

      A. Actual damages as a result of Defendant's discriminatory actions;

      B. Punitive damages due to Defendant's willful behavior;

      C. Compensatory damages;

      D. Injunctive relief where feasible;

      E. Attorney's fees;

  F. Costs of this action; and

  G. Any other relief this Court deems proper.

## COUNT III
## DISABILITY DISCRIMINATION UNDER THE ADA AND ADAAA

53. Plaintiff reasserts her allegations in paragraphs 1–31, above, as if fully re-written herein.

54. Title I of the ADA and the ADAAA prohibit employers from taking adverse employment action against an employee as a result of her actual disability, as a result of an employee's record of having such disability, and/or because the employer regards the employee as disabled, and further requires employers to reasonably accommodate the actual disabilities and/or records of such disabilities of their employees.

55. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination was the direct and proximate result of Plaintiff's actual disability/disabilities, which substantially limited her in one or more major life activity to wit: seeing; and/or Plaintiff's record of having such disability.

56. Defendant's alleged bases for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

57. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, which reasons it did not/does not have, Plaintiff's actual disability/disabilities and/or Plaintiff's record of having such a disability/disabilities were also motivating factors for Defendant's adverse and disparate treatment of Plaintiff.

58. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss. To that end, Plaintiff demands reinstatement to her formerly held (or equivalent) position as permitted by law, reinstatement of benefits/seniority, and injunctive and/or declaratory relief.

59. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff requests judgment against Defendant as follow:

  A. Actual damages as a result of Defendant's discriminatory actions;

  B. Punitive damages due to Defendant's willful behavior;

  C. Compensatory damages;

  D. Injunctive relief where feasible;

  E. Attorney's fees;

  F. Costs of this action; and

  G. Any other relief this Court deems proper.

### COUNT IV
### VIOLATION OF THE ADA AND ADAAA
### (RETALIATION)

60. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 of this complaint as if set out in full herein.

61. Plaintiff requested that while she had to war an eye patch the orders be read out loud by her co-workers while she prepared the orders as a reasonable accommodation(s) as a result of her condition.

62. As a direct result of Plaintiff's request for a reasonable accommodation, Plaintiff was subjected to disparate treatment and adverse employment action.

63. Plaintiff's termination constitutes an adverse employment action under the ADA and ADAAA.

64. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under the ADA and ADAAA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

65. Defendant's states reason(s) for denying Plaintiff's request for accommodation is pretextual.

66. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for reasonable accommodation, was a motivating factor in the decision for the adverse employment action(s).

   WHEREFORE, Plaintiff requests that:

   A. The Court award Plaintiff judgment against Defendant to compensate him for past and future pecuniary losses, including injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory and retaliatory treatment in an amount to be determined at trial and in accordance with the ADA and ADAAA.

   B. The Court award Plaintiff the costs of this action together with her reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

   C. The Court award Plaintiff such other and further relief as the Court deems appropriate.

## COUNT V
## HANDICAP/DISABILITY DISCRIMINATION UNDER THE FCRA

67. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 of this complaint as if set out in full herein.

68. Section 760.10 of the FCRA states in relevant part:

> (1) it is unlawful employment practice for an employer: (a) to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, natural origin, age, handicap, or marital status.

69. The FCRA accordingly prohibits employers from taking adverse employment action against an employee as a result of his actual handicap/disability, as a result of an employee's record of having such handicap/disability, and/or because the employer regards the employee as handicapped/disabled, and further requires employers to reasonably accommodate the actual handicaps/disabilities and/or records of such handicaps/disabilities of their employees.

70. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination of employment, as set forth above, was the direct and proximate result of Plaintiff's actual disability and/or Plaintiff's record of having such disability, which substantially limited her in one or more major life activities,.

71. Defendant's alleged bases for its adverse treatment of Plaintiff, if any, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

72. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, which reasons it did not/does not have, Plaintiff's actual handicap(s)/disability and/or Plaintiff's record of having such a disability was also a motivating factor for Defendant's adverse treatment of Plaintiff.

73. As a result of the discriminatory conduct to which Plaintiff was subjected, Plaintiff has experienced, and will continue to experience, significant financial and economic loss in the form of lost wages. Plaintiff has also experienced, and will continue to experience, emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost

economic damages, lost wages, back pay, interest, front pay, the value and/or economic impact of lost benefits, and compensatory damages.

74. Based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Defendant's employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

A. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

B. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

C. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

D. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

E. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT VI
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT
## (RETALIATION)

75. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-31 of this complaint as if set out in full herein.

76. Plaintiff brings this claim under the Florida Civil Rights Act, Florida Statutes § 760.01 et seq. for Defendant's retaliatory conduct.

77. On or about May 2, 2022, and July 11, 2022, Plaintiff made a request for a reasonable accommodation for her condition. This request was a protected activity under the FCRA.

78. As a direct result of Plaintiff's requests, Defendant ultimately terminated Plaintiff without valid cause.

79. Defendant knew of Plaintiff's disability and her requests as Plaintiff made this request to Mr. Patel who was the direct supervisor of Defendant.

80. Plaintiff's request for a reasonable accommodation of her disability was a motivating factor in Defendant's decision to terminate Plaintiff.

81. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, and has suffered emotional distress and damage.

82. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

83. Plaintiff, based on information and belief, alleges that Defendant's actions were done with malice, and with disregard for her protected rights under FCRA. Defendant, by and through its officers, and/or supervisors, authorized, condoned, and/or ratified the unlawful conduct of Ms.

Patel and/or other employees. Therefore, Plaintiff is also entitled to punitive damages from Defendant in a sum according to proof at trial.

84. Defendant's alleged reason(s) demoting and terminating Plaintiff (if any) are pretextual as described above.

85. If, however, the reason(s) proffered by Defendant are found to be with merit, Plaintiff's requests for a reasonable accommodation were a motivating factor in the decision for the adverse employment action(s).

86. Plaintiff further seeks her attorney's fees and costs as permitted by law.

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A. The Court grant Plaintiff judgment award Plaintiff judgment against Defendant to compensate her for past and future pecuniary losses, including appropriate back pay, benefits' adjustment, injury to her professional reputation, and emotional pain and suffering caused by Defendant's discriminatory treatment in an amount to be determined at trial and in accordance with the Florida Civil Rights Act, §§ 760.01-760.11.

B. The Court award punitive damages as permitted under the law;

C. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

D. The Court award Plaintiff the costs of this action together with his reasonable attorney's fees incurred herein, pursuant to contract and/or statute; and

E. Any other relief this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff, MARY ELIZABETH THOMAS demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: March 10, 2023

**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

By: */s/ Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com
P. Brooks Larou, Esq.
Fla. Bar No. 1039018
Email: brooks@peregonza.com