```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

MARY ELIZABETH THOMAS,

    Plaintiff,

v.                              Case No: 2:23-cv-170-JES-KCD

SP3 UNITED, LLC, a Florida
Limited Liability Company,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #32) filed on June 9, 2023. Plaintiff filed a Response (Doc. #34) on June 23, 2023. Defendant argues plaintiff has failed to meet pre-suit exhaustion requirements, has failed to state a claim under the FMLA, and has failed to sufficiently allege termination, requiring dismissal of Counts III through VI.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**II.**

The Complaint alleges the following facts: Plaintiff worked at a Clewiston restaurant continuously from in or around 2007 through August 8, 2022.  (Id. at 15.)  In late 2021, SP3 United, LLC (SP3) became the new owner of the restaurant where plaintiff worked.  The prior owner, Hayley Hospitality Corporation, was voluntarily dissolved after the sale was finalized.  (Doc. #13, ¶ 8.)

On April 19, 2022, plaintiff requested and was approved for medical leave because of severe cataracts in both eyes requiring two separate eye surgeries.  The first surgery took place on April 22, 2022, on plaintiff's right eye, leaving her with substantially impaired vision due to the continuing condition of the left eye. On or about May 2, 2022, plaintiff returned to work and requested that someone read the customer orders out loud during her shifts due to her vision limitations.  This request was denied by the owner.  From May 2, 2022, through June 27, 2022, when the second surgery for her left eye took place, plaintiff was subjected to disparaging remarks by the owner and the other employees. Plaintiff returned to work on or about July 11, 2022, with an eye patch and again asked that customer orders be read out loud.

On or about July 27, 2022, plaintiff was told to leave the job and not return to work until she could read the tickets herself.  Plaintiff was removed from the work schedule.  Plaintiff

made several attempts to speak to the owner and supplied a doctor's note that she could return to work, but no response was provided. On or about August 8, 2022, the owner told plaintiff that she could not be reinstated unless she could do the job without any accommodations. Defendant failed to grant plaintiff's request for an accommodation - to read orders out loud - and she was terminated as a result of the disability and/or requests for accommodations.

Plaintiff originally sued Hayley Hospitality Corporation d/b/a Beef O'Bradys of Clewiston as the owner of the restaurant. (Doc. #1.) On April 27, 2023, plaintiff filed an Amended Complaint naming SP3 United LLC d/b/a Beef O'Bradys of Clewiston (SP3 or defendant) as the owner of Beef O'Bradys and the new defendant. (Doc. #13.) The original defendant was terminated from the case by the filing of the Amended Complaint.

The Amended Complaint seeks relief under Title VII of the Civil Rights Act of 1964[1], the Americans with Disabilities Act (ADA) and its amendments, the Florida Civil rights Act (FCRA), and the Family and Medical Leave Act (FMLA). Plaintiff alleges a violation of the FMLA (interference) in Count I, a failure to accommodate under the ADA in Count II, disability discrimination under the ADA in Count III, retaliation under the ADA in Count IV,

---

[1] Although invoked as a basis for jurisdiction, plaintiff does not identify Title VII in any of the counts. (Doc. #13, ¶ 1.)

4

and state claims for discrimination and retaliation under the FCRA in Counts V and VI.

### III.

The claims in Counts III through VI each require plaintiff to exhaust administrative remedies prior to filing suit. Batson v. Salvation Army, 897 F.3d 1320, 1327 (11th Cir. 2018) (exhaustion requirement applies to the ADA, including retaliation under the ADA); Rainey v. United Parcel Serv., Inc., 816 F. App'x 397, 401 (11th Cir. 2020) (exhaustion required for discrimination claims under Florida Civil Rights Act). Defendant SP3 argues that plaintiff did not exhaust administrative remedies as to the current defendant - SP3 - because the Notice of Right to Sue issued by the EEOC references only Hayley Hospitality Corporation.

The pleading requirement for a condition precedent is well-established.

> "In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed. R. Civ. P. 9(c). Should a defendant make that denial, "[t]he plaintiff then bears the burden of proving that the conditions precedent, which the defendant has specifically joined in issue, have been satisfied." Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1010 (11th Cir. 1982). Should a defendant "not deny the satisfaction of the conditions precedent specifically and with particularity, however, the allegations are assumed admitted and cannot later be attacked." Id. at 1009.

5

Myers v. Cent. Fla. Invs., Inc., 592 F.3d 1201, 1224 (11th Cir. 2010).

Plaintiff has sufficiently met her obligation to generally allege exhaustion of administrative remedies. Plaintiff alleges that she has "met all conditions precedent to the maintenance of this action or said conditions have been waived." (Doc. #13, ¶ 4.) Plaintiff further alleges:

> 10. Plaintiff has exhausted her administrative remedies by filing a timely charge of discrimination ("Charge") against the Defendant with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.
>
> 11. Plaintiff's Charge was filed on or about September 18, 2022. The actions complained of herein occurred within 300 days thereof and/or continued from that date stemming from the same actions set forth in the Charge.
>
> 12. Plaintiff was issued a Notice of Right to Sue on December 12, 2022. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation.
>
> 13. The Florida Commission on Human Relations did not issue a finding on Plaintiff's charge within 180 days of the filing of said charges.
>
> 14. All other conditions precedent to this action have been performed or have been waived.

(Id., ¶¶ 10-14.) "If the defendant doubts the veracity of the plaintiff's allegation, in whole or in part, then the defendant may deny "specifically and with particularity" that the preconditions have not been fulfilled. [] The plaintiff then bears

6

the burden of proving that the conditions precedent, which the defendant has specifically joined in issue, have been satisfied." Jackson v. Seaboard Coast Line R. Co., 678 F.2d 992, 1010 (11th Cir. 1982).

The factual dispute as to whether plaintiff has actually satisfied the condition precedent of exhaustion of administrative remedies as to this defendant cannot be resolved on a motion to dismiss. Accordingly, the motion to dismiss on this ground is denied.

**IV.**

In Count I, which alleges interference under the FMLA, plaintiff alleges that she was eligible for FMLA leave due to her serious health condition and that she requested leave pursuant to the statute on or about April 19, 2022, and then again on June 27, 2022. Plaintiff alleges that she gave notice to her employer of her need for each leave and provided all necessary paperwork. Plaintiff alleges unlawful employer interference, which includes not only refusing to authorize FMLA leave but also discouraging an employee from using such leave. Plaintiff further alleges that defendant interfered with her rights when it failed to inform her of her right to take up to 12 weeks of leave when she first made the request. (Doc. #13, ¶¶ 35-38.) Defendant terminated Plaintiff's employment, causing Plaintiff to suffer a loss of wages and benefits. (Id. at ¶¶ 39-40.) Plaintiff further interfered

7

with plaintiff's right to retain her employment position upon return to work, in violation of the FMLA.  (Id. at ¶ 41.)

It is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" provided under the FMLA.  29 U.S.C. § 2615(a)(1).  Defendant argues that plaintiff does not actually allege any interference occurred because plaintiff has not demonstrated entitlement to a benefit.

As a preliminary matter, contrary to defendant's argument[2], Count I of the Amended Complaint specifically states that plaintiff was terminated on July 27, 2022.  (Doc. #13, ¶ 39.)  The Amended Complaint also states in the general allegations in paragraph 27 that plaintiff "was terminated as a result of her disability and/or requests for accommodations."  (Doc. #32, p. 9.)

"To state a claim of interference with a substantive right, an employee need only demonstrate by a preponderance of the evidence that [s]he was entitled to the benefit denied." Strickland v. Water Works & Sewer Bd. of City of Birmingham, 239

---

[2] Defendant references paragraph 24 of the Amended Complaint, which states: "On or about July 27, 2022, Plaintiff was approached by Mrs. Patel who began inquiring about the nature of Plaintiff's vision impairment. Thereafter, Mrs. Patel, without inquiring about the reasonableness of the accommodation requested, told Plaintiff to leave and not return to work until she was able to read the tickets herself. Shortly thereafter, Plaintiff was removed from the schedule."  Defendant also references paragraph 26, "On or about August 8, 2022, Mr. Patel told Plaintiff that she could not be reinstated unless she was able to do her job without any accommodations."

F.3d 1199, 1206–07 (11th Cir. 2001). Under the FMLA, an "eligible employee" is entitled to a total of 12 workweeks of leave during any 12-month period for a "serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). An "eligible employee" who takes leave "for the intended purpose of the leave" is entitled to return from leave: "(A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or (B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment." 29 U.S.C. § 2614(a)(1). "The term "eligible employee" means an employee who has been employed--(i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. § 2611(2)(A). Excluded from the definition are federal employees and any employee employed at a worksite or within 75 miles of a worksite where the employer employs less than 50 employees. 29 U.S.C. § 2611(2)(B). An "employer" includes "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer" and "any successor in interest of an employer." 29 U.S.C. § 2611(4)(A).

Plaintiff alleges that she worked the previous 12-month period as a full-time employee, and that she is an eligible employee entitled to leave under the FMLA. Plaintiff alleges that she worked for several years for the employer before requesting leave, that she was employed in a "full-time capacity", that defendant at all times had 50 or more employees, and that "Plaintiff was eligible for FMLA leave due to her serious health condition pursuant to 29 U.S.C. § 2612(a)(1)(D)." (Doc. #13, ¶¶ 9, 15, 35.) "To determine if an employee has the requisite 1,250 hours of service with her employer, the FMLA expressly directs courts to examine the principles for calculating hours of service that have been established under the Fair Labor Standards Act ("FLSA")." Rich v. Delta Air Lines, Inc., 921 F. Supp. 767, 772 (N.D. Ga. 1996).

The Court finds that at this stage of the proceedings plaintiff has plausibly stated a claim. The Amended Complaint sufficiently alleges that plaintiff is covered as an eligible employee. The motion to dismiss will be denied on this issue.

**V.**

Defendant argues that plaintiff does not allege termination in Counts III through VI, and therefore the counts must be dismissed. Further, defendant argues that plaintiff was not in fact terminated, but instead was granted additional leave to recover. Plaintiff responds that she adequately alleged that she

10

was terminated - fourteen times throughout the Amended Complaint and within the counts themselves.[3]

The Court agrees that the Amended Complaint specifically states that plaintiff was terminated from employment in Count I, paragraphs 39-42, and on a specific day. The remaining counts refer more generally to plaintiff's termination. E.g., plaintiff makes one reference in the general allegations: "Defendant failed to accommodate Plaintiff's request for accommodation and was terminated as a result of her disability and/or requests for accommodations." (Doc. #13, ¶ 27.) In Count II (paragraph 53), plaintiff alleges that "Defendant's alleged reason(s) terminating Plaintiff (if any) are pretextual as described above." In Count III, plaintiff alleges:

> 56. The adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination was the direct and proximate result of Plaintiff's actual disability/disabilities, which substantially limited her in one or more major life activity to wit: seeing; and/or Plaintiff's record of having such disability.
>
> 57. Defendant's alleged bases for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, are pretextual and asserted only to cover up the discriminatory nature of its conduct.

---

[3] Plaintiff identifies paragraphs 27, 39, 40, 41, 42, 53, 56, 57, 58, 64, 71, 79, 81, and 85.

11

> 58. Even if Defendant could assert legitimate reasons for its adverse and disparate treatment of Plaintiff, including, but not limited to, Plaintiff's termination, which reasons it did not/does not have, Plaintiff's actual disability/disabilities and/or Plaintiff's record of having such a disability/disabilities were also motivating factors for Defendant's adverse and disparate treatment of Plaintiff.

(Doc. #13, ¶¶ 56-58.)  In Count IV, plaintiff alleges "Plaintiff's termination constitutes an adverse employment action under the ADA and ADAAA."  (Id. at ¶ 64.)  In Count V, plaintiff alleges "adverse and disparate treatment to which Plaintiff was subjected by Defendant, including but not limited to, Plaintiff's termination of employment, as set forth above, was the direct and proximate result of Plaintiff's actual disability and/or Plaintiff's record of having such disability, which substantially limited her in one or more major life activities[]."  (Id. at ¶ 71.)  In Count VI, plaintiff alleges: (1) "As a direct result of Plaintiff's requests, Defendant ultimately terminated Plaintiff without valid cause", (2) "Plaintiff's request for a reasonable accommodation of her disability was a motivating factor in Defendant's decision to terminate Plaintiff", and (3) "Defendant's alleged reason(s) demoting and terminating Plaintiff (if any) are pretextual as described above."  (Id. at 79, 81, 85.)

The Court finds that plaintiff has adequately and plausibly alleged termination in each of the counts in various ways. The motion to dismiss will be denied on this basis.

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Dismiss (Doc. #32) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this   20th   day of July 2023.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record